UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DUGDALE,

        Petitioner,                  Case Number: 2:13-CV-12330

v.                                        HON. LAWRENCE P. ZATKOFF

JEFFREY WOODS,

        Respondent.
                                        /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 27th day of June, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Petitioner filed a petition for writ of habeas corpus regarding his expedited removal from the United States (Docket #1) on May 28, 2013. On June 7, 2013, the Court entered an Order dismissing Petitioner's petition without prejudice (Docket #4). On the same day, Petitioner filed an Emergency Motion to Stay Removal from United States (Docket #5). On June 13, 2013, Petitioner filed an Emergency Motion for Summary Judgment (Docket #7) and a Motion to Reopen Case (Docket #8).

In the Court's June 7, 2013, the Court stated that it would not:

> hear and consider Petitioner's habeas petition in this Court for the following reasons: (1) Petitioner is challenging the Board of Immigration Appeals' ruling to remove him from the United States before the Sixth Circuit, (2) his petition appears to be is untimely, *see* 8 U.S.C. §1252(b)(1), and (3) it is unlikely that this Court even has

> jurisdiction to hear a challenge of Petitioner's removal order pursuant to 28 U.S.C. §2241. *See* 8 U.S.C. §1252(a).

In essence, the three motions Petitioner filed subsequent to the Court's June 7, 2013 Order present a challenge to the Court's ruling and are, therefore, treated as motions for reconsideration.[1]

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

After having thoroughly reviewed Petitioner's three motions, the Court has determined that the Petitioner's pending appeal before the Sixth Circuit Court of Appeals is not a challenge to a Board of Immigration Appeals decision, as certain filings indicated. Rather, Petitioner's case before the Sixth Circuit was an appeal of a decision by the Customs and Border Patrol at the Ambassador Bridge in Detroit on January 10, 2012. The agency from which the appeal stemmed is irrelevant, however, as the key fact is that there is an appeal of the underlying removal decision pending before the Sixth Circuit Court of Appeals. Moreover, as Petitioner makes clear, he has also appealed the

---

[1] The Motion to Reopen Case (Docket #8) is clearly a motion for reconsideration. To the extent that either of the other two motions should not be treated as a motion for reconsideration, such motion is denied as moot because Petitioner's cause of action has been dismissed and there is no pending case or controversy before this Court involving the subject matter of such motion.

decision by the Customs and Border Patrol on January 10, 2012, to the Board of Immigration Appeals. This second appeal only enhances the basis for this Court to decline jurisdiction over Petitioner's petition. For this reason, the Court concludes that: (1) there is no palpable defect by which the Court or the parties have been misled, and (2) even if there was some palpable defect, correcting the defect will <u>not</u> result in a different disposition of this matter.

Accordingly, the Court hereby denies Petitioner's motions for reconsideration. The Court therefore **ORDERS** that the following motions filed by Petitioner are DENIED:

(1) Emergency Motion to Stay Removal from United States (Docket #5);

(2) Emergency Motion for Summary Judgment (Docket #7); and

(3) Motion to Reopen Case (Docket #8).

IT IS FURTHER ORDERED that Petitioner must not file any additional motions in this Court during the pendency of his proceedings before the Board of Immigration Appeals and/or the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2013